# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CRISTINE MASHELL JONES,**
  *by her mother, Linda Jones,*

    **Plaintiff,**

    v.                                                          **Case No. 20-CV-930-SCD**

**COMMISSIONER OF THE**
**SOCIAL SECURITY ADMINISTRATION,**

    **Defendant.**

## ORDER

Cristine Mashell Jones, by her mother, Linda Jones, filed this action without the assistance of counsel on June 22, 2020, seeking judicial review of the final decision of the Commissioner of the Social Security Administration pursuant to 42 U.S.C § 405(g). *See* ECF No. 1. The matter was reassigned to me in July 2020 after all parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 5, 6, 7. On October 20, 2020, I issued a revised briefing schedule requiring Jones to file a brief in support of her claim by November 30, 2020. *See* ECF No. 17. To date, Jones has not filed a brief in support of her claim.

"A district court has the authority under Federal Rule of Civil Procedure 41(b) to enter a sua sponte order of dismissal for lack of prosecution." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962) (holding that Rule 41(b) permits but does not require a motion by defendant). "A Rule 41(b) dismissal is appropriate when there is 'a clear record of delay or contumacious behavior,' or when other

sanctions have proved unavailing." *3 Penny Theater Corp. v. Plitt Theaters, Inc.*, 812 F.2d 337, 339 (7th Cir. 1987) (quoting *Zaddack v. A.B. Dick Co.*, 773 F.2d 147, 150 (7th Cir. 1985)). However, no case should be dismissed for failure to prosecute without "explicit warning" of the potential sanction. *Ball v. City of Chi.*, 2 F.3d 752, 755–56 (7th Cir. 1993).

Accordingly, before dismissing this action for failure to prosecute, I will provide Jones one last opportunity to file a brief in support of her claim. That brief is due by **January 21, 2021**. If a timely brief in support is filed, the Commissioner shall have until **March 2, 2021**, to file his brief, and Jones shall have until **March 17, 2021**, to file a reply brief. If Jones fails to file a brief in support by January 21, I will dismiss this action with prejudice and without further notice pursuant to Fed. R. Civ. P. 41(b) and E.D. Wis. Civ. L. R. 41(c). The parties are reminded that their briefs must conform with the requirements set forth in the clerk of court's briefing letter, ECF No. 8.

**SO ORDERED** this 22nd day of December, 2020.

_____
STEPHEN C. DRIES
United States Magistrate Judge

2